O’NIELL, Chief Justice.
 

 This is a mandamus proceeding, on the part of the attorneys for the defendant in the suit, to compel the judge of the district court to allow them further time in which to prepare and file the defendant’s plea or
 
 *755
 
 answer to the suit. He was stricken with paralysis, about three months before the suit was filed; and at the time of these preliminary proceedings in the district court he was yet confined to his bed, and utterly helpless — unable to talk or to use his hands. His wife and son employed the attorneys who are representing him in this proceeding, and their employment was ratified by means of a lettter which one of them wrote and read to the defendant, and to which he nodded his assent. He is physically unable to communicate with his attorneys, or to render any assistance in defense of the suit, or to inform the attorneys whether he has a defense to the suit. It would seem unjust to permit the plaintiff to take judgment by default against the defendant, while his tongue cleaves to the roof of his mouth and his right hand forgets its cunning.
 

 On the other hand, to postpone the suit indefinitely might result in injustice to the plaintiff. He is suing for $5,000, alleged to have been loaned to the defendant without a written acknowledgment. The law’s delay in such a case might amount to a denial of justice, by impairing the means of proving a just claim. The defendant was granted a period of 30 days, and another period of 45 days, and thereafter had the three months of vacation of the court, in which to become physically able to defend the suit. But the evidence which was heard on the trial of a rule on the plaintiff to show cause1 why á further delay should not be granted shows that the physical condition of the defendant is not improving. More than nine months have gone by since the suit was filed. Hence we agree with the judge of the district court that it is very doubtful that the defendant will ever be better able to defend the suit than he is now. For that reason the judge was right in refusing to stay proceedings indefinitely.
 

 We are not aware of any precedent for a ruling on an issue like this. The Civil Code, however, seems to point the way. In article 422 it is provided that, not only insane persons, but any person who, because of any infirmity, is incapable of taking care of his person and of administering his estate, is subject to interdiction, and to being placed under the care of a curator, who shall administer his estate. The procedure thus pointed out is that which would be appropriate if the defendant had become insane before the suit was filed. We are not deciding now that the condition of the defendant is such that a judgment of interdiction should be pronounced. That is a matter for the judge of the district court to decide, on a petition for interdiction. But the conditions are such that the attorneys representing the defendant must decide, within a reasonable time, whether to enter a plea for the defendant or to ask to have him interdicted and to have a curator appointed to represent him. He is not entitled to an indefinite postponement of the suit, under the showing of so little hope of his ever being better able to present his defense than he is now. We, have concluded, therefore, to allow the attorneys for the defendant, relator in this proceeding, an additional period of only 3.0 days, from thé dáy .on which this decree shall become final, in which to either entefi' a plea for the de
 
 *757
 
 fendant or make application for his interdiction and for the appointment of a curator to represent him.
 

 It is ordered that the attorneys for the defendant shall have a delay of thirty days, from the date on which this decree shall become final, in which either to enter a plea for the defendant or to apply to have him interdicted and to have a curator appointed to represent him. The costs of this mandamus proceeding are to be borne by the plaintiff, respondent herein.
 

 PONDER, J., took no part.